IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA LANDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. |
| TORTILLERIA ATOTONILCO, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff, Angelica Landa ("Ms. Landa"), through her counsel, Nicholas Bedenk and Dolores Ayala of Legal Aid Chicago, states as follows:

**NATURE OF ACTION**

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.* Upon learning that a workplace injury caused Ms. Landa to suffer from Carpal Tunnel Syndrome, Defendant not only failed to identify reasonable accommodations that would have allowed Ms. Landa to continue her employment, it terminated her in violation of the ADA on November 5, 2019.

**JURISDICTION**

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

1

3. Venue in the Northern District of Illinois is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C. § 1391, because the employment practices involved in the dispute occurred in Chicago, Illinois.

## ADMINISTRATIVE PROCEEDINGS

4. Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the Americans with Disabilities Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Federal Rules of Civil Procedure have been performed or otherwise occurred.

5. In particular, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2020, and within 300 days of the action complained of. The EEOC issued a Notice of Right to Sue on February 18, 2021, a copy of which is attached hereto as Exhibit A. This lawsuit is timely filed within 90 days of that notice.

## PARTIES

6. Ms. Landa is a former employee of Tortilleria Atotonilco, Inc. She resides within this judicial district, in Chicago, Illinois.

7. At all relevant times, Ms. Landa was a qualified individual with a disability who met the requirements of her position and could perform the essential functions of her position with or without a reasonable accommodation, as defined by 42 U.S.C. § 12111(8) of the ADA.

8. At all relevant times, Defendant was a corporation organized under the laws of the State of Illinois, doing business within this judicial district, with a facility in Chicago, Cook County, Illinois.

9. At all relevant times, Defendant was engaged in the business of making and selling food, an industry affecting commerce, and had over 15 employees for each working day in each of 20

or more calendar weeks in the current calendar year. Therefore, Defendant was a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA.

**10.** At all relevant times, Defendant employed Ms. Landa at its Chicago facility.

## STATEMENT OF CLAIMS

11. In or around October, 2019, Ms. Landa applied for a job with Defendant, and on or around October 26, 2019, received an appointment for an interview.

12. At that interview, Jackie Munoz ("VP Munoz"), Defendant's Vice President, hired Ms. Landa as a production line employee.

13. On or around October 27, 2019, VP Munoz called Ms. Landa and informed her she would start work in the Packaging Department for one week, to cover for another employee in the Packaging Department who was on leave.

14. Ms. Landa began her employment on October 28, 2019 on a temporary assignment in the Packaging Department.

15. In this position, Ms. Landa carried tortillas from the production department to the packaging department, packed them into boxes, and then stacked up to 70 of these boxes on top of one another on a pallet. This work required Ms. Landa to lift objects weighing more than ten pounds.

16. On October 30, 2019, while Ms. Landa was stacking boxes of tortillas onto a pallet, she suddenly began to experience severe, sharp pain in both hands while placing one box on top of six other previously stacked boxes. This box was approximately the 50th box she had placed on this pallet.

17. Ms. Landa immediately informed VP Munoz of her injury.

18. VP Munoz did not offer Ms. Landa any medical attention, guidance or accommodations upon learning of her injury.

19. Ms. Landa also reported her pain to a supervisor, Liz, whose last name she does not know.

20. Ms. Landa reported to work the next day, October 31, 2019, and continued to perform her work while suffering severe pain in both of her hands.

21. On October 31, 2019, Ms. Landa reported her injury to the Production Line Supervisor, who suggested she see a doctor.

22. Between October 31, 2019 and November 2, 2019, Ms. Landa reported to work each day and did her best to perform her job duties despite the severe pain in her hands.

23. Ms. Landa was not scheduled to work on November 3, 2019.

24. On November 4, 2019, Ms. Landa spoke with Supervisor Liz to inform her that she was unable to report to work that day due to continued pain in her hands and was going to the hospital.

25. On November 4, 2019, Ms. Landa went to the hospital where she was later referred to her primary physician.

26. On November 4, 2019, Ms. Landa's physician diagnosed her with Carpal Tunnel Syndrome and directed that she 1) remain off work until November 6, 2019; and 2) refrain from lifting in excess of ten pounds.

27. Carpal Tunnel Syndrome is a physiological and anatomical condition that causes pain in the hands, making it difficult to engage in major life activities requiring the use of one's hands.

28. On November 4, 2019, after leaving her doctor's office, Ms. Landa went into VP Munoz's office to request a reasonable workplace accommodation that would permit her to perform her job.

29. In support of her request for accommodation, Ms. Landa provided VP Munoz, via her assistant, a note from Ms. Landa's doctor substantiating her diagnosis, and stating that she was to remain off work until November 6, 2019 and was restricted from lifting in excess of ten pounds.

30. Upon information and belief, VP Munoz's assistant communicated this information and the doctor's note to VP Munoz.

31. The next day, November 5, 2019, VP Munoz called Ms. Landa and terminated her employment.

32. Throughout the period from October 30, 2019, through November 5, 2019, Defendant failed and refused to engage in an interactive dialogue with Ms. Landa to determine a reasonable accommodation that would have permitted her to keep her job.

33. The requirements of the production department job Ms. Landa was hired for were such that she would have been able to perform them while maintaining compliance with the restrictions imposed by her physician.

## COUNT I: FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE ADA

34. Ms. Landa re-alleges and incorporates by reference Paragraphs 1–33 of this Complaint as if fully set forth herein.

35. The ADA applies to Ms. Landa's claims.

36. In its active state, Ms. Landa's condition, Carpal Tunnel Syndrome, is a disability as defined by the ADA.

37. Ms. Landa's condition substantially limited her in various major life activities, including the ability to perform work that required her to use her hands to lift objects heavier than ten pounds.

38. Ms. Landa had a disability as defined by the ADA, Carpal Tunnel Syndrome, for which she requested a reasonable accommodation.

39. Ms. Landa's diagnosis of Carpal Tunnel Syndrome and its treatment constitute a "record of disability" as defined by the ADA.

40. Ms. Landa would have been able to continue performing her job if Defendant had engaged in a good-faith interactive process to determine if a reasonable accommodation was available to her while she was suffering from Carpal Tunnel Syndrome.

41. Defendant intentionally and with malice and reckless indifference to Ms. Landa's rights under the ADA, failed and refused to engage in an interactive process to determine if a reasonable accommodation was available to Ms. Landa while she suffered from Carpal Tunnel Syndrome, in violation of the ADA.

42. Defendant's discriminatory conduct has caused and continues to cause Ms. Landa to suffer substantial mental emotional distress and inconvenience.

### COUNT II: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA

43. Ms. Landa re-alleges and incorporates by reference Paragraphs 1–33 of this Complaint as if fully set forth herein.

44. The ADA applies to Ms. Landa's claims.

45. In its active state, Ms. Landa's condition, Carpal Tunnel Syndrome, is a disability as defined by the ADA.

46. Ms. Landa's condition substantially limited her in various major life activities, including the ability to perform work that required her to use her hands to lift objects heavier than ten pounds.

47. Ms. Landa had a disability as defined by the ADA, Carpal Tunnel Syndrome, for which she requested a reasonable accommodation.

48. Ms. Landa's diagnosis of Carpal Tunnel Syndrome and its treatment constitute a "record of disability" as defined by the ADA.

49. Ms. Landa informed Defendant of her condition. Her request for one day off from work to rest and that she be restricted from lifting in excess of ten pounds constituted a request for a reasonable accommodation.

50. Providing one day off work, together with implementing the lifting restriction ordered by Ms. Landa's physician, would have enabled Ms. Landa to perform the essential functions of her job and would not have created an undue hardship for Defendant.

51. Defendant intentionally and with malice and reckless indifference to her rights under the ADA, failed and refused to provide Ms. Landa a reasonable accommodation that would have permitted her to keep her job, in violation of the ADA.

52. Defendant's discriminatory conduct has caused and continues to cause Ms. Landa to suffer substantial mental emotional distress and inconvenience.

**COUNT III: RETALIATORY DISCHARGE IN VIOLATION OF THE ADA**

53. Ms. Landa re-alleges and incorporates by reference Paragraphs 1–33 of this Complaint as if fully set forth herein.

54. The ADA applies to Ms. Landa's claims.

55. In its active state, Ms. Landa's condition, Carpal Tunnel Syndrome, is a disability as defined by the ADA.

56. Ms. Landa's condition substantially limited her in various major life activities, including the ability to perform work that required her to use her hands to lift objects heavier than ten pounds.

57. Ms. Landa had a disability as defined by the ADA, Carpal Tunnel Syndrome, at the time Defendant terminated her employment.

58. Ms. Landa's diagnosis of Carpal Tunnel Syndrome and its treatment constitute a "record of disability" as defined by the ADA.

59. Ms. Landa engaged in protected activity by requesting a reasonable accommodation for her disability.

60. Ms. Landa would have been able to continue performing her job if Defendant had not discharged her from her employment in retaliation for her attempt to avail herself of the rights afforded her under the ADA.

61. Defendant intentionally and with malice and reckless indifference to Ms. Landa's rights under the ADA, terminated Ms. Landa's employment in retaliation for having requested a reasonable accommodation for her disability.

62. The Defendant's discriminatory conduct has caused and continues to cause Ms. Landa to suffer substantial mental emotional distress and inconvenience.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Landa requests that this Court grant her the following relief:

a. Enter judgment in Ms. Landa's favor and against Defendant;

b. Award Ms. Landa actual damages to compensate her for her lost wages, benefits and other compensation, including back pay and front pay, resulting from the Defendant's violations of the ADA, in an amount to be determined at trial;

c. Award Ms. Landa interest on the amount described in item B listed above, calculated at the prevailing rate;

d. Award Ms. Landa compensatory damages to compensate her for the emotional pain and mental anguish caused by Defendant's violation of the ADA;

e. Award Ms. Landa punitive damages to compensate her for the emotional pain and mental anguish caused by Defendant's violation of the ADA;

f. Award Ms. Landa her reasonable attorney's fees and costs incurred in bringing this action;

g. Such other relief as this Court deems just and proper.

## THE PLAINTIFF DEMANDS A JURY TRIAL

Dated: **May 14, 2021**

                                        Respectfully submitted,

                                        /s/ Nicholas Bedenk
Nicholas Bedenk
Dolores Ayala
Legal Aid Chicago
120 S. LaSalle St., Ste. 900
Chicago, IL 60603
(P) 312-229-6394
(F) 312-612-1594
nbedenk@legalaidchicago.org
dayala@legalaidchicago.org

Attorneys for Ms. Landa